ANTONIO SIMEONE *et al. vs.* DAN PRATO *et al.*

FEBRUARY 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an action of trespass on the case for deceit.   The case is here on the plaintiffs' exception to the ruling of the trial justice granting the defendants' motion for a directed verdict.

This action was brought by Antonio and Sadie Simeone, husband and wife, against Dan and Anna Prato, husband and wife, as a result of a disagreement between the parties over the construction of a house for plaintiffs and the method by which defendant Dan Prato had obtained from plaintiffs the sum of $3,000 to proceed with such construction.   Incidentally the negotiations out of which the controversy arose do not appear to involve either Antonio Simeone or Anna Prato.   Neither testified at the trial nor signed the written contract which is the primary basis of the action.

It appears from the undisputed evidence that on November 28, 1949 the parties entered into a written contract under which Dan Prato was to build a house for plaintiffs at 43 Naples avenue, Providence, for $9,500. The contract was written by Sadie Simeone and signed by the parties. At the time it was signed plaintiffs paid Prato $3,000 on account. Thereafter Prato started construction. Three weeks later the foundation was in and the framework was up. While the work was in progress Dan Prato came to Mrs. Simeone's house and told her to tear up the contract and write a new one. He assured her that he had talked about the matter to her husband, who said it would be all right. She accordingly tore up the contract and wrote a new one in precisely the same terms except that the construction was to be done by Benson Construction Co., Inc. under Dan Prato its general manager. This new contract was dated December 12, 1949 and signed only by Dan Prato for Benson Construction Co., Inc. and by Sadie Simeone. The plaintiffs did not pay Prato any more money at this time. It is this second contract under which plaintiffs allege Dan Prato practiced fraud and deceit upon them and obtained a second sum of $3,000.

After December 12, 1949 further work was done on the house but in the last week in January 1950 Prato told Mrs. Simeone he needed a second payment of $3,000 or at least $200 to pay his workers. He further told her at that time that he was going to finish the house and turn over the key to her upon receiving the final payment of $3,500. Following this conversation she gave him a check for $200 and on February 3, 1950 another check for $2,800. She testified that on that date the rough work was in, that is, the rough pipes below the floor and the rough plaster, and also that the roof was on and shingled. It further appeared from her testimony that she had agreed orally with Prato that the second payment of $3,000 would be due when the roof was on and all rough plastering was done.

After February 3, 1950 the work was not progressing to

Mrs. Simeone's satisfaction. She also claims that liens for materials were placed upon the property which she had to pay; that Prato stopped work on the job and that she had to have the house finished at a cost to plaintiffs of $7,000 in addition to what she had paid Prato. It is for this reason she claims that in obtaining the second $3,000 Prato falsely represented that he would finish the house, well knowing he was unable to do so, and thus he defrauded plaintiffs of said sum.

All of the above summary is from Mrs. Simeone's own testimony. Some of it is contradicted by Prato, who was called by plaintiffs as a witness under the statute, but in considering defendants' motion for a directed verdict we take her testimony for plaintiffs as true. It will be noted from such testimony that the second $3,000 was paid only after the construction had proceeded to the point which had been orally agreed upon, namely, when the roof was on and the rough plastering was finished. It will be further noted that the payment of such sum was not conditioned upon the completion of the house. Upon the performance of such condition the final payment of $3,500 was to become due. This action for deceit is based solely upon the alleged fraud and deceit Prato practiced upon plaintiffs to obtain the second payment of $3,000.

On that evidence the trial justice directed a verdict for defendants. Under plaintiffs' exception thereto they raise the following questions. First, was the evidence sufficient to make out a case for the consideration of the jury? Secondly, was the trial justice, after denying defendants' motion for a nonsuit, justified in granting their motion for a directed verdict on the ground which he gave, namely, that there was only one reasonable inference to be drawn from the evidence and such inference was unfavorable to plaintiffs? In our opinion those questions are merely facets of a single question that may be stated as follows: On any reasonable view of the evidence and the inferences therefrom most favorable to plaintiffs, could they recover?

At the trial in the superior court plaintiffs presented their case and rested. Thereupon, without closing their case, defendants moved for a nonsuit and the trial justice denied the motion. The defendants then rested their case on plaintiffs' evidence and moved for a directed verdict which was granted. The plaintiffs appear to make a point of these seemingly contrary rulings. In the circumstances in which each ruling was made they are not contrary and the first in no way precluded the trial justice from making the second.

The motion for a nonsuit at the conclusion of plaintiffs' evidence and before defendants closed their case was addressed to the trial justice's discretion. *Solomon* v. *Shepard Co.*, 61 R. I. 332; *Kent* v. *Allen*, 45 R. I. 451. Since his denial of the motion is regarded here as an exercise of such discretion and is not reviewable by exception, *Cranston Print Works Co.* v. *American Tel. & Tel. Co.*, 43 R. I. 88, he was not thereby foreclosed as a matter of law from granting defendants' motion for a directed verdict.

That motion, coming as it did after defendants had rested their case, presented an entirely different problem from the one on the motion for nonsuit before the case was closed on both sides. After defendants had rested it became the duty of the trial justice not merely to determine whether plaintiffs' evidence made out a prima facie case for the jury but whether such evidence was sufficient in law to support a verdict in plaintiffs' favor and if not to direct a verdict against them. *Cranston Print Works Co.* v. *American Tel. & Tel. Co., supra.*

The trial justice performed such duty and the only question here is whether he erred in finding plaintiffs' evidence legally insufficient. In rendering his decision he said that after considering all the evidence and construing it not piecemeal but as a whole, he reached the conclusion that "there is only one reasonable inference that can be drawn" from Mrs. Simeone's whole testimony, namely, "that the house had reached that point of construction at which she owed him a second payment * * *." For that reason he

said he felt plaintiffs had not made out their case of deceit against the defendants.

Unquestionably he followed the correct rule of law in considering the motion. Whether there is evidence from which reasonable inferences may be fairly drawn by the jury is for the court to determine. *Chisholm* v. *S. S. Kresge Co.*, 55 R. I. 422. Where but one reasonable inference can be drawn it is not error to direct a verdict in accordance therewith. *Koury* v. *Providence-Washington Ins. Co.*, 50 R. I. 118; *Miller* v. *Miller*, 59 R. I. 316. Speaking of the effect of a view of the evidence and of the inferences therefrom favorable to a plaintiff in the consideration of a defendant's motion for a directed verdict, we said in a recent case: "It has been firmly established by numerous decisions of this court that a verdict should not be directed unless the only reasonable conclusion that can be drawn from such a view of the evidence is that plaintiff is not entitled to recover * * *." *DiCaprio* v. *Campanella & Cardi Construction Co.*, 80 R. I. 55, 58. The rule enunciated in the above-cited cases was followed by the trial justice in the case at bar.

Having decided that he thus adopted the correct rule of law in evaluating the evidence as to its legal sufficiency to support a verdict for the plaintiffs, it only remains for us to decide whether his evaluation itself was also correct. From our examination of the transcript we are of the opinion that it was. Mrs. Simeone's own testimony concerning her negotiations and transactions with defendant Dan Prato as appears from our summary of it earlier in this opinion established the fact that plaintiffs had no grounds for an action of deceit.

The foundation of an action for deceit is fraud, and fraud is never presumed but must be clearly proved. *Nixon* v. *Brown*, R. I., 92 Atl. 557. Here the confidence which Mrs. Simeone placed in Dan Prato may well have been misplaced and have resulted in a most improvident contract, but that is not fraud. In fact she paid Prato only what she had contracted to pay and only at the time it was due,

according to her testimony of the oral agreement therefor. To thus pay what she owed even though such payment may have been induced by Prato's assurance that he would finish the house did not amount to a fraud that would justify plaintiffs in bringing an action for deceit. Therefore, on Mrs. Simeone's own testimony the trial justice could not do otherwise than direct a verdict for defendants.

The plaintiffs' exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Isidore Kirshenbaum,* for plaintiffs.

*Anthony A. Giannini,* for defendants.