## Commonwealth *v.* Bowes, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Indictment charging defendant with sodomy and forcible rape. Before LIPEZ, J., specially presiding.

*Raymond J. Lobos,* and *Groover & Lobos,* for appellant.

*James F. McClure, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., March 31, 1975:

Appellant was found guilty by a jury on charges of sodomy and rape. Following denial of post-trial motions he was sentenced to concurrent terms of imprisonment of five to ten years. In this appeal from the judgment of sentence he alleges, first, that the court committed reversible error in admitting into evidence a tape-recorded confession of the appellant from which certain allegedly exculpatory portions had been erased; and second, that the evidence was insufficient to sustain the verdicts.

No questions of voluntariness or authentication are presented in the challenge to the admission of the taped confession; the only issue raised is whether it should have been excluded solely because it was incomplete. The appellant alleges, as he did at trial and in post-verdict motions, that two questions and their answers were erased, and that these answers indicated that the prosecutrix had consented to the acts of sodomy and intercourse. Because the element of consent represented his entire defense, the appellant asserts that the erasure of this portion of his confession represented an irrevocable and fundamental denial of due process.

The Commonwealth does not deny that at least one and possibly two questions and attendant answers were inadvertently erased, and does not dispute that the excised portion involved a claim by the appellant that the prosecutrix consented to the acts charged. At trial the Commonwealth offered the testimony of the police officer who recorded the confession and he testified as to the sub-

stance of the omitted questions and responses. The Commonwealth asserts that this testimony and the weight of other evidence render any error harmless.

We are compelled by the overwhelming weight of other evidence to agree with the Commonwealth that the error in this case was harmless. However, we are equally compelled to state that the act of the district attorney in using an incomplete tape recording which he knew defense counsel assumed to be complete[1] was improper. Were it not for the great weight of other evidence negating appellant's defense of consent we would not hesitate to grant a new trial.

It cannot be doubted that confession evidence is often decisive. *See Culombe v. Connecticut,* 367 U.S. 568 (1961). "[P]roof beyond reasonable doubt—often could not be achieved . . . without the assistance of the accused's own statement." Devlin, *The Criminal Prosecution in England* (1958), 58, *quoted in Culombe v. Connecticut,* supra at 576. It is for this reason that important constitutional and procedural safeguards too numerous and too well known to require recitation here now surround the obtaining and admission into evidence of any such statements. *See, e.g., Miranda v. Arizona,* 384 U.S. 436 (1964).

A court, however, cannot permit that evidence once lawfully obtained to be altered, edited or censored at the whim or discretion of the prosecutor. Any such power would intolerably change our system of justice from one of accusation into one of inquisition. "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice

---

1. The complete recording had been played for defense counsel in preparation for trial. Counsel stated to the court that he had no objection to the tape if it were played "in its entirety." The district attorney agreed and the recording was played. At the conclusion of the tape defense counsel objected that the tape had been incomplete. The district attorney immediately responded by stating that he could explain the erasure.

suffers when any accused is treated unfairly." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). The Supreme Court has made it clear that any deliberate deception of a court by the presentation of known false evidence is incompatible with the rudimentary demands of justice, *see Giglio v. United States,* 405 U.S. 150 (1972) ; *Pyle v. Kansas,* 317 U.S. 213 (1942) ; *Mooney v. Holohan,* 294 U.S. 103 (1935), and deliberate deception by the use of incomplete or altered evidence stands on no different footing.

In erasing, however inadvertently, a part of the taped confession the prosecution withheld from the defense evidence favorable to the accused. The withholding of favorable evidence is conduct which can violate due process "irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* supra at 87.

In the case before us the substance of the allegedly exculpatory omissions from the tape recording was presented to the jury by the testimony of the police officer who recorded the confession, and the appellant and his codefendant each took the stand to present the consent defense. Therefore, the jury was apprised of the allegedly exculpatory portions of the tape recording. The only defense offered by the appellant was that the acts of the prosecutrix were consensual and voluntary and not forced or coerced. The physical and testimonial evidence of the case, however, irrepressibly demonstrates that the defense of the appellant could not be accepted by any rational mind.

The evidence adduced at trial reveals that the prosecutrix left her second-shift job at 1:00 a.m. on the morning of January 20, 1973. A fellow employee and friend of the prosecutrix, Craig Dreese, testified that he saw her car leave the parking lot and then saw another car pull out from across the street and follow behind her. Dreese stated that he proceeded in the same direction. He was able to describe the second car which was distinctive in color and accessories and was able to positively identify

the two occupants.[2] Dreese stated that he passed both vehicles and proceeded to a traffic circle where he stopped for gas. Between the point where he passed the prosecutrix and the location of the gas station there were no side roads, and when her car did not pass him at the gas station he became concerned. He stated that he returned in the direction from which he had come and found her car abandoned. The prosecutrix was nowhere to be found.

The prosecutrix testified that a car behind her had blinked its lights and then turned on a flashing red light. She stated that she pulled off to the side of the road and was looking through her purse for her license and registration when her door was abruptly opened and she was dragged from her car to the car of the appellant and his codefendant. She stated that she was held on the floor while the car was driven to an isolated location where she was forced to commit acts of sodomy and intercourse. She positively identified the appellant and his confederate and notified the police immediately upon her release.

The appellant and his codefendant admitted the facts above, but they contended that after they stopped the car by using a flashing lantern, the prosecutrix, whom they admitted did not know either of them, voluntarily left her car to go for a ride with them. The evidence reveals, however, that when the prosecutrix's car was found by Dreese and the police, the engine was still running, the lights were on, the door was open, the prosecutrix's pocketbook was on the floor and her wallet was on the seat. These uncontroverted facts coupled with the testimony of the prosecutrix permit us to hold without hesitation that the error in permitting the tape-recorded confession to be heard by the jury was harmless beyond a reasonable doubt. Clearly this error, in view of the other overwhelming evidence of guilt, did not amount to a denial of due

---

2. Dreese stated that as he passed the second vehicle he challenged its occupants to "drag" but they refused.

process. *See Schneble v. Florida,* 405 U.S. 427 (1972) ; *Harrington v. California,* 395 U.S. 250 (1969) ; *Commonwealth v. Thomas,* 459 Pa. 371, 329 A.2d 277 (1974) ; *Commonwealth v. Thomas,* 229 Pa. Superior Ct. 116, 324 A.2d 527 (1974) ; *Taylor v. Minnesota,* 466 F.2d 1119 (8th Cir. 1972), *cert. denied,* 410 U.S. 956 (1973).

The foregoing permits us to decide appellant's remaining issue without discussion.

Judgment affirmed.