MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

v.

H. Allen STRICKLAND, M.D.

No. 94–676–Appeal.

Supreme Court of Rhode Island.

Nov. 30, 1995.

William P. Robinson, III, Stephen Prignano, Providence.

Stephen Rodio, Providence.

### ORDER

This case came before a panel of the Supreme Court for oral argument on November 21, 1995, pursuant to an order that directed both parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Massachusetts Mutual Life Insurance Company, appeals from a

**1268**

summary judgment entered for the defendant, H. Allen Strickland, M.D.

After hearing the arguments of counsel and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

This case is an action to rescind a disability insurance policy issued by plaintiff to defendant on December 17, 1991. The issue presented is whether the limitations period for filing claims was tolled when a plaintiff filed the case in federal court within the limitations period but then, after the limitations period, filed for essentially the same relief in Rhode Island Superior Court, following which, plaintiff voluntarily dismissed its federal court action.

The plaintiff issued a disability insurance policy to defendant that allowed plaintiff to contest the validity of the policy for any material misrepresentation made in the application for the policy within two years from its issue date. The contestability period was extended by mutual agreement to December 30, 1993.

The plaintiff refused to honor defendant's May 1993 claim for benefits under the policy on the grounds that defendant failed to disclose a back injury in applying for insurance. On December 30, 1993, plaintiff filed a complaint in the United States District Court, District of Rhode Island, seeking a declaration that the policy was null and void on the basis of defendant's alleged misrepresentations. On July 18, 1994, plaintiff filed a complaint in Rhode Island Superior Court seeking essentially the same relief as it sought in the federal court, and on July 20, 1993, plaintiff voluntarily dismissed its federal court action.

The defendant, in September 1994, filed a motion to dismiss the Rhode Island complaint on timeliness grounds, and at the October 1994 hearing on the motion, the trial justice concluded that the filing of the federal action did not toll the policy's two-year limi-

tations period. Treating defendant's motion to dismiss as a motion for summary judgment, the trial justice granted defendant's motion in respect to the Rhode Island complaint.

On appeal, plaintiff argued that the contestability period was tolled by the filing of the federal action. Although plaintiff cites federal court cases to support its position, we are of the opinion that those cases are inapplicable and distinguishable from the case before us. We conclude, rather, that *DiIorio v. Abington Mutual Fire Ins. Co.*, 121 R.I. 689, 402 A.2d 745 (1979) provides the applicable rule in the instant case. In *DiIorio* this Court stated that G.L.1956 (1985 Reenactment) § 9–1–22 would not apply in those cases in which the dismissal of a federal district court suit was voluntary. Specifically, *DiIorio* held that the saving statute would not preserve the plaintiff's Rhode Island cause of action when the plaintiff "abandons an action for no other cause than his own will or choice." 402 A.2d at 748; *Gray v. Ahern*, 63 R.I. 363, 9 A.2d 38 (1939).

We are not persuaded that because plaintiff filed its Rhode Island complaint prior to its voluntary dismissal of its federal complaint, our result should be different. Rather, our holding is consistent with this Court's policy of applying statutes of limitations stringently, thereby encouraging litigants to bring their actions during the required period.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court to which we return the papers in the case.

WEISBERGER, C.J., did not participate.