MAYWOOD CORPORATION and
Admiral Condominium
Association

v.

NLC INSURANCE COMPANIES.

No. 99–275–Appeal.

Supreme Court of Rhode Island.

April 17, 2000.

Gregory A. Madoian, Providence.

John G. Hines, Carol Nicholson Glick, Providence.

### ORDER

The plaintiffs, Maywood Corporation and Admiral Condominium Association (plaintiffs or Maywood), appeal from the entry of summary judgment in favor of the defendant, NLC Insurance Companies (defendant or NLC). After consideration of the prebriefing materials, this case was assigned to the full Court at a session in conference in accordance with Rule 12A(3)(b) of the Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

In December 1994, Maywood suffered damage to condominium units it owned in the Town of North Providence. Believing that blasting for a construction project across the street caused the damage, plain-

tiffs submitted a claim to their insurer, NLC. After an investigation, defendant concluded that the blasting had not caused the damage to the condominiums.

Each side hired adjusters to handle the plaintiffs' claim. The plaintiffs hired Grosky Associates, Public Insurance Adjusters (Grosky Associates) and defendant hired R.J. Margetta Adjustment (Margetta Adjustment). In subsequent negotiations, the adjusters agreed that the damages suffered by the plaintiffs amounted to $55,-000.

In mid-November 1996, almost two years after the damage occurred, Margetta Adjustment informed Grosky Associates that the defendant would not accept liability for the damage to the condominium units. Margetta Adjustment followed this oral communication with a letter dated November 21, 1996 to Grosky Associates, which stated that "the [defendant] insurance carrier in this instance is not accepting liability for this matter." Thereafter, Margetta Adjustment halted all negotiations with Grosky Associates.

On December 11, 1996, Grosky Associates responded in writing to Margetta that the parties had agreed on a value of loss of $55,000 and the Grosky Associates was now submitting a proof of loss, realizing that the proof of loss "will be rejected by the company before we can institute litigation, as the formality of a proof must be filed." On January 22, 1997, more than two years after the discovery of the loss, Margetta Adjustment sent a "formal" letter rejecting the plaintiffs' claim on behalf of the defendants.

The plaintiffs filed the instant action on May 22, 1997, seeking insurance coverage from the defendant. The insurance policy between the parties contained a two-year limitations period for filing actions under the policy. Such provisions are valid. *See Greater Providence Trust Co. v. Nationwide Mutual Fire Ins. Co.*, 116 R.I. 268,

---

271–72, 355 A.2d 718, 720 (1976). Because the instant action was filed approximately two years and six months after the loss, a Superior Court justice found that the limitations provision barred the plaintiffs' action. Consequently, she granted summary judgment in favor of the defendant. On appeal the plaintiffs argue that the motion justice erred in granting summary judgment because a question of fact exists as to whether the defendant's conduct in negotiations estopped the defendant from invoking the policy's limitations provision.

"In reviewing a summary judgment, this court is bound to employ the same standard used by the [motion] justice." *Superior Boiler Works, Inc. v. R.J. Sanders, Inc.*, 711 A.2d 628, 631 (R.I.1998). Summary judgment may only be granted when there are no issues of material fact in dispute, with all reasonable inferences drawn in favor of the non-moving party, and when the moving party is entitled to prevail as a matter of law. *Id.*

The plaintiffs clearly filed the instant action after the two-year limitations period had expired. However, an insurer may be estopped from invoking a policy's limitations provision when "(1) the insurer, by his actions or communications, has assured the claimant that a settlement would be reached, thereby inducing a late filing, or (2) the insurer has intentionally continued and prolonged negotiations in order to cause the claimant to let the limitation pass without commencing suit." *Gagner v. Strekouras*, 423 A.2d 1168, 1169 (R.I.1980). "[C]ourts, in considering this issue, examine the facts to determine whether there is any evidence to support a reasonable belief sufficient to work an estoppel. Chief among these is a concession of liability." *Id.* at 1170.

In reviewing the record, we conclude that the defendant clearly informed the plaintiffs in November 1996 that the defendant would not accept liability. The defendant made this communication to the plaintiffs before the expiration of the limitations period. The record does not reveal any facts which would lead the plaintiff to reasonably believe that a settlement had been reached or that negotiations would continue. Consequently, the defendant was not estopped from invoking the policy's limitations provision and the motion justice properly granted summary judgment for defendant on the grounds that the limitations period had expired.

Therefore, for the reasons specified herein, the plaintiffs' appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers are remanded to the Superior Court.