**Stephen G. HAY et al.**

v.

**PAWTUCKET MUTUAL INSURANCE COMPANY.**

No. 2002–564–Appeal.

Supreme Court of Rhode Island.

June 10, 2003.

---

Heath Compley/Stephen M. Litwin, Providence, for Plaintiff.

Kevin J. Holley, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Stephen G. Hay (plaintiff), appeals from a Superior Court order granting the defendant's, Pawtucket Mutual Insurance Company (defendant), motion for summary judgment in this breach of contract action. This case came before the Supreme Court for oral argument on May 12, 2003, following an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Having reviewed the record and the parties' briefs and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the judgment of the Superior Court. The pertinent facts are as follows.

## I

### Facts and Travel

In May 1997, plaintiff signed a contract to purchase a house from Albert Gardner (Gardner) and Margaret Metcalf (Metcalf) at 779 Ocean Road in Narragansett (property). On January 3, 1999, before the closing, a windstorm damaged the house. Gardner and Metcalf submitted an insurance claim to defendant, with whom they had an insurance policy on the property. As part of the final conveyance of the property on January 8, 1999, Gardner and

Metcalf agreed to assign to plaintiff the insurance claim arising from the property damage.[1]

The plaintiff later contacted defendant about adjusting the claim. Thereafter, in a letter dated June 3, 1999, defendant responded that it would not honor the assignment of the claim because under the terms of the insurance policy, an "[a]ssignment * * * will not be valid unless [defendant] give[s][its] written consent." The defendant sent another letter on August 19, 1999, that reiterated its contention that the claim was not properly assigned, but stated that it would consider other information on the matter.

On May 30, 2001, after an unexplained eighteen-month delay, plaintiff filed suit in Superior Court, alleging that defendant breached the insurance contract by failing to pay the claim for the property damage. The defendant filed an answer and later filed a motion for summary judgment, arguing that the assignment was invalid and that plaintiff had not filed his suit within the two-year statute of limitations stated in the policy.[2] The motion justice granted defendant's motion for summary judgment based solely upon plaintiff's failure to file within the two-year limitation period. The plaintiff timely appealed.

## II
### Discussion

■ The plaintiff argues the motion justice should have denied defendant's motion for summary judgment because defendant's representations in the August 19 letter influenced plaintiff not to file the action within the requisite limitation period.[3] Therefore, plaintiff alleges, defendant should be estopped from invoking the two-year limitation period. We disagree.

■ We review the granting of a summary judgment motion on a *de novo* basis, the same standard used by the motion justice. *Mills v. Toselli*, 819 A.2d 202, 205 (R.I.2003). "Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party," the motion justice "determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Delta Airlines, Inc. v. Neary*, 785 A.2d 1123, 1126 (R.I.2001)).

■ We have long adhered to the validity of limitations periods in insurance contracts. *See DiIorio v. Abington Mutual Fire Insurance Co.*, 121 R.I. 689, 694, 402 A.2d 745, 747 (1979). The limitation period in an insurance contract runs from the date of the loss. *Id.* at 695, 402 A.2d at 748. An insured can rely on estoppel to

1. The assignment agreement actually was dated January 13, 1999.

2. During oral argument, plaintiff brought to our attention for the first time that the two-year limitation period applied only to fire and lightning damage, and that a ten-year limitation period applied for damage caused by wind. Nowhere in plaintiff's brief was there any mention of this line of attack. Perhaps more detrimental, however, is that plaintiff mentioned this position only as part of an unverified complaint, with no supporting affidavits or evidence to confirm it. Therefore, because this argument was not properly presented at trial or briefed on appeal it is

deemed waived. *State v. Murray*, 788 A.2d 1154, 1155 (R.I.2001)(mem.).

3. In ruling on defendant's summary judgment motion, the motion justice rejected defendant's argument that the assignment was improper. In fact, the motion justice specifically told defendant not to rely on that argument. Nevertheless, plaintiff asks us to review whether the assignment was valid. Because the motion justice rejected defendant's argument that the assignment was invalid, we need not address this part of plaintiff's claim.

avoid the consequences of noncompliance with the limitations period only when "(1) the insurer, by his actions or communications, has assured the claimant that a settlement would be reached, thereby inducing a late filing, or (2) the insurer has intentionally continued and prolonged negotiations in order to cause the claimant to let the limitation pass without commencing suit." *Maywood Corp. v. NLC Insurance Companies,* 754 A.2d 109, 110 (R.I.2000)(mem.)(quoting *Gagner v. Strekouras,* 423 A.2d 1168, 1169 (R.I.1980)).

In this case, the loss occurred on January 3, 1999. The plaintiff did not file suit until May 30, 2001. This was well beyond the two-year limitation period in the insurance policy. Furthermore, nothing in the August 19 letter reasonably could be interpreted as an assurance that the defendant would settle the claim, nor could it be interpreted as an attempt to prolong negotiations. In fact, the letter explicitly reiterated the defendant's earlier position that the assignment of the claim was invalid. Given this statement, it is unreasonable to assume that the defendant's willingness to consider any additional information was an attempt to prolong negotiations. Beyond this, the plaintiff provided no mitigating explanation about why he delayed seeking legal redress for a claim that he knew the defendant did not plan to settle. Therefore, we conclude that the defendant was entitled to summary judgment.

### Conclusion

Accordingly, we deny and dismiss the plaintiff's appeal and affirm the order of the Superior Court. The papers of the case may be returned to the Superior Court.

Justice FLAHERTY did not participate.