**PROGRESSIVE NORTHERN INSURANCE COMPANY**

v.

**Dennis LYDEN.**

**No. 2007–217–Appeal.**

Supreme Court of Rhode Island.

Jan. 8, 2010.

George T. Gilson, Esq., West Warwick, for Plaintiff.

William A. Filippo, Esq., for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

**OPINION**

Justice FLAHERTY, for the Court.

Dennis Lyden appeals from a Superior Court judgment confirming an arbitration award in favor of Progressive Northern Insurance Company (Progressive). This case came before the Supreme Court on December 2, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After

hearing the parties' arguments and examining the memoranda they submitted, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The facts and travel of this matter are not a matter of dispute. Lyden was injured in a motor vehicle accident that occurred on November 24, 2000. The responsible tortfeasor for the accident was insured under a policy issued by Allstate Insurance Company, and Lyden collected the tortfeasor's policy limit of $25,000. At the time of the accident, Lyden was an insured of Progressive. Because he claimed that his damages exceeded the policy limit payment on behalf of the tortfeasor, he brought an underinsured claim against his own carrier. When the parties were unable to agree on the value of that claim, Lyden demanded that it be arbitrated under the provisions of his policy, and the matter proceeded to a hearing before an arbitrator on July 25, 2006.

Two attorneys, from separate law firms, became involved with Lyden's insurance claims. The office of one attorney, the "referring attorney," represented Lyden in his claim against the tortfeasor. After that case was settled, the referring attorney then referred Lyden's underinsured motorist claim to another attorney, the "arbitration attorney," who was present for the arbitration proceedings. After the arbitration proceeding concluded, but before the arbitrator rendered his decision, the parties engaged in efforts to settle the claim. Indeed, Progressive made an offer to settle Lyden's claim against it, but the offer was rejected. The arbitration attorney advised the arbitrator that the matter could not be settled, and then he returned the file to the referring attorney's office.

On December 5, 2006, the arbitrator issued an award. He found that the tortfeasor's $25,000 payment was sufficient to compensate Lyden for his damages. Consequently, the arbitrator found that Lyden was not entitled to any additional compensation from Progressive. The referring attorney and the arbitration attorney each received copies of the arbitration award in December 2006.

Progressive's insurance policy contained a provision that says:

"The decision of the arbitrator shall be binding upon the parties unless: 1. In the event that a lawsuit has not been filed, either party reserves his or her right to a jury trial by giving notice, by certified mail return receipt requested, to the other party or parties and to the arbitrator within sixty (60) days of the decision."

Significantly, this language is virtually identical to the language in the Mandatory Arbitration Provision of Rhode Island's Automobile Insurance Statute, G.L.1956 § 27–10.3–1,[1] which mandates the inclusion

---

1. General Laws 1956 § 27–10.3–1 states in pertinent part:
 "(a) Every contract of motor vehicle liability insurance, issued in the state by an insurance carrier authorized to do business in the state, shall contain the following provisions:
 "* * * *"
 "(3) * * * The decision of the arbitrators shall be binding upon the parties unless:

"(i) In the event that suit has not been instituted, either party reserves his or her right to a jury trial by giving notice of this reservation of right to the other party or parties and to the arbitrators within sixty (60) days of the arbitrators award by certified mail return receipt requested * * *."

of such an arbitration provision in all motor vehicle insurance contracts issued in this state. It is undisputed that notice of an election to proceed with a lawsuit was not filed within sixty days of the arbitrator's decision.

In a preemptive strike, Progressive filed a petition in the Superior Court on March 14, 2007, seeking to confirm the arbitrator's award pursuant to G.L.1956 § 10-3-11.[2] In response to the insurer's motion to confirm, Lyden filed an objection, arguing that counsels' failure to provide notice of intent to initiate litigation within sixty days of the award "was the result of the neglect of counsel and constitutes 'excusable neglect' as defined in Rule 60(b)(1) of the Rules of Civil Procedure." The referring attorney and the arbitration attorney submitted separate affidavits explaining that they each "assumed" that the other would notify Progressive that the award was not satisfactory. On April 13, 2007, the Superior Court heard the matter and granted Progressive's motion to confirm the arbitration award on the grounds that the inaction of the referring attorney and the arbitration attorney did not rise to the level of excusable neglect. Lyden timely appealed the judgment confirming the arbitration award in favor of Progressive to this Court.

## II

### Standard of Review

■ This Court reviews questions of law and statutory interpretation *de novo*. *Shepard v. Harleysville Worcester Insur-*

ance Co., 944 A.2d 167, 170 (R.I.2008). In addition, this Court is "free to affirm on grounds other than those relied on by the trial justice." *Id.* (citing *State v. Nordstrom*, 529 A.2d 107, 111 (R.I.1987)). It is well established that "Rhode Island statutory law limits a Superior Court justice's role concerning arbitration to either vacating or confirming the awards." *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I.1983); *see also* § 10-3-11. Otherwise, "the role of the judiciary in the arbitration process is 'extremely limited.'" *Carlsten v. Oscar Gruss & Son, Inc.*, 853 A.2d 1191, 1194 (R.I.2004) (quoting *Purvis Systems, Inc. v. American Systems Corp.*, 788 A.2d 1112, 1114 (R.I.2002)).

## III

### Analysis

■ On appeal, Lyden argues that the trial justice abused his discretion when he granted the petition to confirm and when he rejected Lyden's argument that he should be afforded relief from his failure to timely reject the award because of his attorneys' excusable neglect. Lyden argues to this Court, as he did below, that Rule 60(b)(1) of the Superior Court Rules of Civil Procedure,[3] which sets forth the grounds on which a court may relieve a party "from a final judgment, order, or proceeding due to * * * excusable neglect," entitles him to relief. He contends that the circumstances surrounding the arbitration claim, namely that the file was transferred back and forth between refer-

---

2. Section 10-3-11 states, "At any time within one year after the award is made, any party to the arbitration may apply to the court for an order confirming the award, and thereupon the court must grant the order confirming the award unless the award is vacated, modified, or corrected * * *"

3. Rule 60(b) of the Superior Court Rules of Civil Procedure states in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

ring counsel and arbitration counsel, present more than sufficient grounds for a finding of excusable neglect as a consequence of the resulting confusion.

In response, Progressive maintains that the Superior Court Rules of Civil Procedure do not apply to the enforceability of contractual arbitration insurance provisions. Progressive notes that the arbitration at issue was heard outside the purview of the Court and was strictly governed by the arbitration provision of the insurance contract. Progressive also argues that even if Rule 60(b)(1) did apply, excusable neglect was not shown by opposing counsels' assumptions that notice would be filed by the other attorney.

In presenting his argument before this Court, Lyden relies heavily on *Astors' Beechwood v. People Coal Co.*, 659 A.2d 1109, 1113 (R.I.1995), in which this Court held that "the Rules of Civil Procedure and the interpretations of those rules are applicable to court-annexed arbitration proceedings, and that, therefore, a trial justice has discretionary authority to extend or to waive the filing deadline in arbitration proceedings." Rule 60(b) allows a court to grant a party relief from "final judgment, order, or proceeding" for, among other things, excusable neglect. In evaluating Rule 60(b), this Court has defined excusable neglect as "a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident * * *." *Astors' Beechwood*, 659 A.2d at 1115 (quoting Black's Law Dictionary 566 (6th ed.1990)). Accordingly, we determined in *Astors' Beechwood*, 659 A.2d at 1115, that "counsel's explanation that he 'overlooked' the filing of a notice of rejection, apparently because of duties attendant to his practice, was not an 'extenuating circumstance.'"

Notably, *Astors' Beechwood*, 659 A.2d at 1111, dealt with a court-annexed arbitration proceeding in which the award was filed in the Superior Court Arbitration Office immediately after issuance. However, Progressive's insurance provision (as well as the virtually identical Mandatory Arbitration Provision of Rhode Island's Automobile Insurance Statute) instructs the parties about how they reserve their right to a jury trial *"in the event that suit has not been instituted."* Section 27–10.3–1(a)(3)(i) (emphasis added). Here, the arbitration was not court-annexed, initiated after suit had been filed, but rather was a contractual arbitration proceeding. Consequently, we must evaluate the arbitration before us under principles of contract construction. See *National Refrigeration, Inc. v. Travelers Indemnity Company of America*, 947 A.2d 906, 909 (R.I.2008).

It is significant that this Court recently has held that Rule 60(b) does not apply to a court-annexed arbitration proceeding where no final judgment or order has been entered. See *Boranian v. Richer*, 983 A.2d 834, 838 (R.I.2009) (holding that in court-annexed arbitration proceedings, reliance on excusable neglect regarding motions to enlarge time must be governed by the Superior Court Rules of Arbitration). In our opinion, Lyden's position is even further removed from the facts of *Boranian*. The arbitration here, unlike the court-annexed arbitration in *Boranian*, was a contractual requirement. In addition, Progressive's motion to confirm the award on March 13, 2007, the first action involving the court, occurred well after the sixty-day limitation period had lapsed. It is undisputed that a lawsuit had not been filed before the arbitration award was issued, or within sixty days of its issuance. In our view, Rule 60(b) was not triggered because

no final judgment or order had been entered when Lyden sought relief from the consequences of his not having timely reserved his right to a trial.[4] Thus, Lyden was bound by the sixty-day limitations period under the terms of the insurance contract and § 27–10.3–1.

We are constrained to evaluate the sixty-day limitation period as a contractual provision. Two of our previous holdings govern the interpretation of a limitation period governing contractual arbitration. In *National Refrigeration*, 947 A.2d at 910, we held that an insured was bound by a limitations provision in an insurance contract barring legal action after two years of the date of loss. In particular, this Court determined "that a 'limitations period in an insurance policy is a term to which the parties are specifically bound.'" *Id.* (quoting *DiIorio v. Abington Mutual Fire Insurance Co.*, 121 R.I. 689, 694, 402 A.2d 745, 747 (1979)). We concluded that "[t]he rights and liabilities of the parties to an insurance contract are to be ascertained in accordance with the terms as set forth therein." *Id.* at 909 (quoting *DiIorio*, 121 R.I. at 694, 402 A.2d at 747). In *DiIorio*, 121 R.I. at 694, 402 A.2d at 747, this Court strictly enforced a provision in a fire insurance policy barring legal action beyond one year after a loss. Notably, the one-year limitation provision was a statutory requirement for every fire insurance policy issued in this state. *Id.*

 It is our opinion that Lyden was bound by the terms of the insurance contract, including the sixty-day limitation at issue. The "rights and liabilities of the parties to an insurance contract are to be

ascertained in accordance" with the terms of that contract. *DiIorio*, 121 R.I. at 694, 402 A.2d at 747. By entering into the insurance contract with Progressive, Lyden agreed to the terms of the policy, including the sixty-day notice period for reserving the right to file suit after receipt of an arbitrator's award. Therefore, "[o]nce the parties agree to such a term * * * it is valid and binding upon them." *Id.* After the sixty days lapsed, Lyden was "specifically bound" by the arbitration agreement. *See id.*

Thus, we hold that the Superior Court was correct when it confirmed the arbitration award under § 10–3–11.

## IV

### Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court confirming the arbitrator's award, and the record is remanded to that court.

---

**4.** Although Rule 60(b) is inapplicable to this case, we note that the attorneys' inaction does not rise to the level of excusable neglect in any case. The attorneys each admitted in their respective affidavits that they "assumed" that the other would timely reject the arbitration award. Their failure to take the proper steps to preserve the right to litigate the matter was occasioned by their own inattention, not "some extenuating circumstance[s]." *Astors' Beechwood v. People Coal Co.*, 659 A.2d 1109, 1115 (R.I.1995) (quoting *King v. Brown*, 103 R.I. 154, 157, 235 A.2d 874, 875 (1967)).