Anthony MALLANE,

v.

## HOLYOKE MUTUAL INSURANCE COMPANY IN SALEM.

No. 93–635–A.

Supreme Court of Rhode Island.

May 12, 1995.

Neil Philbin, Kirshenbaum & Kirshenbaum, Cranston, for plaintiff.

Mark P. Dolan, Rice, Kershaw & Dolan, Providence, for defendant.

## OPINION

LEDERBERG, Justice.

The defendant, Holyoke Mutual Insurance Company in Salem, has appealed to the Supreme Court the granting of a motion for summary judgment in favor of the plaintiff, Anthony Mallane. We deny and dismiss the appeal and affirm the judgment of the Superior Court. We have gleaned the following pertinent facts from the record.

### Facts and Procedural History

This dispute arose after plaintiff was injured while riding as a passenger in a motor

vehicle that was operated by an uninsured driver and plaintiff made a claim against defendant for uninsured-motorist benefits. The defendant had issued automobile liability policy No. APV 5021980 (the policy) to plaintiff's brother, Gregory Mallane, who was the "named insured" set forth on the declarations page for the policy period February 15, 1992, to August 15, 1992. The only other individual named on the declarations page was plaintiff, who along with Gregory Mallane was listed under the heading "driver name." Apparently, plaintiff's name was placed on the declarations page as a named driver at the request of the Hague and Marso Realty Insurance Agency, the agent for the policy. The listing of plaintiff as a driver did not increase the policy premium.

On March 13, 1992, during the period covered by the policy, plaintiff sustained severe personal injuries while he was riding as a passenger in a vehicle operated by James W. Donahue (Donahue). Donahue's vehicle was uninsured, and consequently, plaintiff claimed uninsured-motorist benefits under the policy issued to Gregory Mallane.

After defendant refused to pay plaintiff's claim, plaintiff filed a declaratory-judgment action against defendant in Superior Court. The plaintiff's petition asserted that he was entitled to uninsured-motorist benefits under the policy and requested that the Superior Court construe the policy and declare that plaintiff was entitled to coverage. Uniform Declaratory Judgments Act, G.L.1956 (1985 Reenactment) chapter 30 of title 9.

The defendant's motion for summary judgment was denied by an order that stated: "[T]he court finds that Anthony Mallane is a 'named insured' because he is identified as a 'driver' on the declaration page of the policy." Subsequently, the Superior Court granted plaintiff's motion for summary judgment, and ruled, "Pursuant to the Uniform Declaratory Judgment Act, this court declares that Anthony Mallane is entitled to uninsured motorist coverage under automobile liability insurance policy number APV6021980 [*sic*] issued by Holyoke Mutual Insurance Company in Salem."

## The Issue on Appeal

The defendant argued on appeal that the policy is clear and unambiguous and that although plaintiff is listed as a driver, he does not qualify as an insured entitled to uninsured-motorist coverage because he was not named as an insured. Furthermore, defendant asserted, plaintiff did not fall under the definition of an "insured" delineated in part C of the policy where "Uninsured Motorists Coverage" is described:

" 'Insured' as used in this Part means:

1. You or any 'family member'.

2. Any other person 'occupying' 'your covered auto'.

3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described in 1. or 2. above."

The "Definitions" section of the policy defines "you" as "[t]he 'named insured' shown in the Declarations" and "[t]he spouse if a resident of the same household." The policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household." Nowhere in the policy is the term "driver" defined, nor is the status, rights, or responsibility of listed drivers set forth in the policy. In pressing its case that plaintiff was not an insured and thus was not entitled to coverage, defendant contended that plaintiff was not listed as a named insured on the declarations page of the policy, that he was not a spouse of the insured, that he did not live in Gregory Mallane's household, and that he was not occupying the auto covered by the policy at the time of the accident. The plaintiff, on the other hand, took the position that the policy is ambiguous because the listing of his name on the declarations page as one of the two drivers named in the policy would lead to the inference that persons so listed have the status of insured parties.

## The Motion for Summary Judgment

■ In reviewing the granting of a motion for summary judgment, this court applies the same rules as the trial court. *Banks v.*

*Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). Accordingly, in the event that our review reveals no issues of material fact, and the moving party is entitled to judgment as a matter of law, we will sustain the ruling of the trial justice in granting summary judgment. *Id.*

### Construction of the Policy

The dispositive issue in the instant case, whether plaintiff was covered by the policy, requires judicial construction of the policy language as a matter of law. *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 762 (R.I. 1990). This court will not disturb a trial justice's ruling on the issue absent an error of law. *Id.*

It is well established that this court applies the rules for construction of contracts when interpreting an insurance policy and that we shall not depart from the literal language of the policy absent a finding that the policy is ambiguous. *Aetna Casualty & Surety Co. v. Sullivan*, 633 A.2d 684, 686 (R.I.1993). In order to determine whether the policy is ambiguous, we read the policy in its entirety, giving words their plain, ordinary, and usual meaning. *Id.* We refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a policy where none is present. *Id.* If, however, the policy terms are ambiguous or capable of more than one reasonable meaning, the policy will be strictly construed in favor of the insured and against the insurer. *Id.*

In the case before us, plaintiff argued that because his name was listed as a driver on the declarations page, the policy was rendered ambiguous in respect to the question of who is a covered insured under the policy. The defendant maintained, on the other hand, that the policy is clear and unambiguous because it specifically defines who is covered as an insured. This precise issue has not previously been addressed by this court.

In resolving this dispute, we make the following observations. The policy in its entirety consists of twenty-nine pages that include the declarations page, fourteen pages of endorsements, and the "policy jacket," the boilerplate language of the policy. As pointed out *supra*, "driver" is not defined, and except for the use of the word once on the declarations page where Gregory Mallane and Anthony Mallane are listed as drivers named, the only reference to a driver in the twenty-nine pages occurs in an endorsement that sets forth the company's practice for cancellation of a policy:

> "After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:
>
> a. for nonpayment of premium; or
>
> b. if your driver's license or that of any driver who customarily uses 'your covered auto' has been suspended or revoked." (Emphasis added.)

This provision does not render unreasonable the expectation that a named driver on the declarations page is an insured. On the contrary, this cancellation provision is consistent with such an interpretation.

We are led to conclude, then, that the listing of drivers' names on the declarations page, without more, gives rise to an ambiguity in respect to whether such drivers are in fact covered under the terms of the policy. *See Sentry Insurance Co. v. Grenga*, 556 A.2d 998, 999 (R.I.1989) (ambiguity in policy where term "underinsured coverage" used on declarations page was not mentioned or defined in policy or in "plain talk" pamphlet). Having concluded that the policy is ambiguous, we must next determine whether the trial court properly construed the contract and, in so doing, gave the words their plain and ordinary meaning while resolving all ambiguities against the insurer. *Mullins*, 568 A.2d at 762.

It is important to point out that this court has previously held that "[t]he contents of the declarations sheet is of paramount importance because it is common knowledge that the detailed provisions of insurance contracts are seldom read by the consumer." *Grenga*, 556 A.2d at 1000. The typical purchaser of insurance would likely believe that persons listed as named drivers on the declarations sheet were covered insureds under the policy. *See Lehrhoff v. Aetna Casualty and*

*Surety Co.*, 271 N.J.Super. 340, 347–48, 638 A.2d 889, 892–93 (1994).

In *Lehrhoff,* which involved a situation similar to the present case, the declarations page of an automobile policy listed the plaintiff as a driver, and the definition of "covered person" was similar to the definition of "insured" in the policy at issue here. *Id.* at 344–45, 638 A.2d at 891. Although the plaintiff did not fit the definition of a "covered person" under the policy, the plaintiff was entitled to recover under uninsured-motorist coverage because he was listed as a driver on the declarations page. *Id.* at 344–48, 638 A.2d at 891–93. The court reasoned that "it is the declaration page, the one page of the policy tailored to the particular insured and not merely boilerplate, which must be deemed to define coverage and the insured's expectation of coverage." *Id.* at 347, 638 A.2d at 892. And in a statement that represents the opinion of this court, the New Jersey court noted that a "typical automobile policyholder would understand and expect from the declarations page of this policy that each of the listed drivers was entitled to all of the coverages and all of the protections afforded by the policy." *Id.* at 348, 638 A.2d at 893.

At oral argument, defendant's counsel explained that plaintiff's name was not listed on the original policy as a driver but was added to the declarations page of the renewal certificate to enable the company to garner actuarial information anent persons who actually drove the insured vehicle. If that were the sole purpose in adding such names to the declarations page, it is our considered opinion that an insurer should disclose such an objective to its policy holders. For example, the company's purpose can be readily revealed to the policyholder by the addition of a single line or sentence to the declarations page or by defining the term "driver name."

Thus, this court concludes that the arguments of the defendant are unavailing and that although our holding in this case comports with that of the minority of jurisdictions, we are of the opinion that it represents the better public policy. "And we are also convinced that reasonable expectations of coverage raised by the declaration page cannot be contradicted by the policy's boilerplate unless the declaration page itself clearly so warns the insured." *Id.* at 347, 638 A.2d at 892; *see also Elliott Leases Cars, Inc. v. Quigley,* 118 R.I. 321, 327, 373 A.2d 810, 812 (1977) (holding that an "ordinary reader, in the face of such detail, would be warranted in concluding that any significant limitation on collision insurance would have been explicitly noted").

In conclusion, therefore, we affirm the granting of summary judgment in favor of the plaintiff. We deny and dismiss the defendant's appeal, and affirm the judgment of the Superior Court, to which we return the papers in this case.