## Eduarda C. AMARAL

v.

## RHODE ISLAND HOSPITAL TRUST NATIONAL BANK et al.

No. 95–238–Appeal.

Supreme Court of Rhode Island.

March 27, 1996.

Eduarda C. Amaral, Pro Se.

Karen A. Pelczarski, Providence.

### ORDER

This case came before a panel of the Supreme Court for oral argument on March 19, 1996, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Eduarda C. Amaral, has appealed pro se from a Superior Court order

granting the motion for summary judgment of the defendants,[1] Rhode Island Trust National Bank (RIHT) and Christopher Brodeur, her former employer and supervisor, respectively.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

On November 8, 1993, plaintiff filed a verified complaint against defendants in Superior Court alleging sexual harassment, defamation of character, invasion of privacy, and verbal and mental abuse by defendants. Specifically, plaintiff alleged that she was "grossly sexually harassed" by Brodeur during a meeting with him in December 1991. The plaintiff also alleged that the Massachusetts Department of Social Services conducted video surveillance of plaintiff and subsequently shared the information with RIHT.

The defendants filed a motion for summary judgment, contending that summary judgment was appropriate because there was no credible evidence to support plaintiff's claims, and therefore, there was no material fact in dispute. On March 7, 1995, the trial justice heard the motion, and the following day plaintiff filed a notice of appeal. On March 9, 1995, the order granting defendants' motion for summary judgment was entered[2].

On appeal plaintiff argued that there were genuine issues of material fact in dispute and, thus, the trial justice erred in granting summary judgment. In its review of the granting of a motion for summary judgment, this Court applies the same rules and analysis as applied by the trial justice. *Mallane v. Holyoke Mut. Ins. Co.*, 658 A.2d 18, 19–20 (R.I.1995). Accordingly, if our examination of the admissible evidence, viewed in the light most favorable to the party opposing the motion, reveals no genuine issue of material fact, and if we conclude that the moving party was entitled to judgment as a matter of law, we will affirm the trial justice's decision to grant summary judgment. *Mallane*, 658 A.2d at 20; *Providence Journal Company v. Sundlun*, 616 A.2d 1131, 1133 (R.I.1992). Furthermore, a litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of specific facts that would constitute a genuine issue for trial, and a party may not rest upon mere allegations or denials in the pleadings, mere conclusions or legal opinions. *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991); *Nedder v. Rhode Island Hospital Trust National Bank*, 459 A.2d 960, 962 (R.I.1983).

In the instant case, the trial justice reviewed the discovery and repeatedly attempted to ascertain from plaintiff the facts on which her action was based, before she determined that plaintiff's allegations were unsupported. The trial justice also noted that plaintiff's allegations were denied, under oath, at depositions by defendants, their agents, representatives, and employees. In addition, the justice reviewed the deposition of plaintiff's psychiatrist, Stephen D. Dizio, M.D. (Dizio) in which Dizio concluded that, on the basis of her allegations against defendants, plaintiff was paranoid and delusional.

The plaintiff failed to respond to the trial justice's repeated requests to provide specific and competent facts that would constitute a genuine issue for trial. The defendants, on the other hand, cited to portions of deposition transcripts in which witnesses denied knowledge of plaintiff's allegations. We are of the opinion that this was sufficient to establish that defendants were entitled to judgment as a matter of law.

Because the record before us presents no genuine issue of material fact, the trial justice properly granted the defendants' motion for summary judgment. Consequently, we deny and dismiss the appeal and affirm the

---

1. The plaintiff named and served defendants RIHT and Christopher Brodeur in PC/93–6127. The plaintiff filed a subsequent action, PC/94–5429, based upon the same allegations, naming other defendants who were served. The second action filed by plaintiff was dismissed on March 7, 1995 because of the prior action pending which set forth identical and substantially similar claims. The two matters were consolidated in the trial court and both decisions were appealed.

2. This Court has generally allowed the premature filing of an appeal. *See e.g., Russell v. Kalian*, 414 A.2d 462 (R.I.1980).

judgment of the Superior Court to which we return the papers in the case.

BOURCIER, J., did not participate.