### Barbara SCHROEDER

v.

### BESS–MAR REALTY CORP., John Doe Management Co., Catering Collaborative Inc., and D'Ambra Texaco Service.

#### No. 97–499–A.

Supreme Court of Rhode Island.

April 3, 1998.

Russell C. Bengtson; Shannon Gilheeney, North Kingstown.

Mark P. Dolan; Stephen P. Harten, Gregory A. Carrara, Providence, Valerie E. Michael, Cranston.

### ORDER

This matter is here on the plaintiff's appeal from a Superior Court judgment in favor of the defendants in this slip and fall action. After a prebriefing conference, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

On January 22, 1994, the plaintiff fell in the parking lot designated for the Jeffrey Ladd Salon located on Hope Street, in Providence, Rhode Island. It is undisputed that the lot was covered with hard, crunchy snow and ice. According to the plaintiff, she first noticed how slippery it was while she was walking. the plaintiff was traveling with her grandchildren, ages three and one-half and seven. When the youngest grandchild began to cry because she was unable to walk, the plaintiff turned toward her, crouched down, reached out her hands, slipped and fell, breaking her wrist.

The plaintiff filed this personal injury action against Bess–Mar Realty Corporation, the owner of the building, Catering Collaborative, Inc., engaged by Bess–Mar to maintain the premises, and D'Ambra Texaco Service, hired to plow and sand the parking lot. The trial judge granted the defendants' motion for summary judgment based on the plaintiff's admission that she appreciated the danger of the ice and snow but "she kept on going."

Judgment entered for all of the defendants; the plaintiff does not appeal the judgment in favor of D'Ambra Texaco Service. However, she argues that questions such as at what point she knew of the danger and whether—and at what point—she should have returned to her car are factual questions that should be presented to a jury. We agree with the plaintiff.

It is well settled that in reviewing the granting of a motion for summary judgment this court will apply the same rules as the trial court. *Mallane v. Holyoke Mut. Ins. Co.*, 658 A.2d 18, 20 (R.I.1995). The moving party is entitled to judgment as a matter of law only if there are no genuine issues of material fact to be decided. *Stanley–Bostitch, Inc. v. Regenerative Environmental Equipment*, 697 A.2d 323, 325 (R.I.1997). Summary judgment is an extreme remedy and should be applied cautiously. *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996).

The plaintiff admitted to being aware of the danger underneath her feet only after she had been walking on the parking lot for some time. It is undisputed that several other cars were parked in this parking lot.

During her deposition she testified that she understood that she might fall if she attempted to walk in the parking lot, either way. Therefore, we decide that based upon these facts, it cannot be said that as a matter of law, the plaintiff voluntarily assumed the risk of crossing over the dangerous parking lot. *See Hennessey v. Pyne*, 694 A.2d 691 (R.I. 1997) (jury question whether homeowner voluntarily assumed risk of injury of golf ball when there was no reasonable alternative course of conduct to exercise her privilege of using her backyard.) We conclude, therefore, that the trial justice erred in granting summary judgment in favor of the defendants.

The plaintiff's appeal is sustained, the judgment appealed from is vacated. The papers of the case are remanded to the Superior Court for further proceedings consistent with this order.