DECISION
Before the Court is Bryan J. Gartner's ("Plaintiff") Motion for Summary Judgment on his petition for Declaratory Judgment and State Farm Mutual Automobile Insurance Company's ("Defendant") Cross-Motion for Summary Judgment. The Plaintiff has also filed a response to the Defendant's Cross-Motion. As this Court has not discovered any material issues of fact, for the purpose of justice and judicial economy, this Court will here render a final decision.
 Facts/Travel
This matter arises out of an automobile accident that occurred on or about January 1, 1995. The vehicle the Plaintiff was operating at the time of the accident was owned and registered to Christine Riebe. Although not married at the time of the accident, the Plaintiff has lived with Christine Riebe since approximately 1991. The two have also had twin daughters together. At the time of the accident, Christine Riebe and her car were insured by Progressive Insurance Company. The Plaintiff and his own car, a 1994 Pathfinder, were insured by the Defendant, State Farm.
As a result of the accident, suit was brought by Jane and John McDermott in Newport County against Bryan J. Gartner and Christine I. Riebe as case number N.C. 97-0562. According to Bryan Gartner, at some point after the suit was filed, the Defendant unexpectedly decided that it would no longer represent him and instructed its attorney to withdraw from the case. The present suit was then filed by the Plaintiff requesting, that the Court declare that State Farm must defend him and provide coverage to him in the action numbered N.C. 97-0562.
In his motion to the Court, the plaintiff argues that State Farm has both a duty to defend and a duty to provide coverage pursuant to the terms of the policy and Rhode Island case law. Specifically, the plaintiff relies on the definition section of the policy and Section I and states that "no place is it written in [the] policy that [the plaintiff] would not be covered for driving a non-owned vehicle in the situation as presented in this case."
The Defendant, in opposition to the Plaintiff's arguments and in support of his own motion for summary judgment, also relies on Section I of the policy and section 6082F of the Amendatory Endorsement and argues that the Plaintiff is not entitled to coverage pursuant to their terms. The Defendant further argues that Wisconsin law should apply when interpreting the terms of the policy because that is where the policy was executed and delivered. The Defendant maintains, regardless of the choice of law used to interpret the policy, that coverage is not available to the Plaintiff while operating a car owned by a person residing in the same household since it does not meet the definition of a "non-owned car" as defined under the policy.
In response, the Plaintiff argues that Rhode Island Law should apply when interpreting the contract for the following reasons: 1) the car that the Plaintiff was driving at the time of the accident and his car are both registered in Rhode Island; 2) the policy at issue was faxed and signed by the Plaintiff in Massachusetts; 3) all of the Plaintiffs insurance payments were sent from his Rhode Island address; 4) State Farm wrote to the Plaintiff on numerous occasions in Rhode Island and knew that the Plaintiff lived in Rhode Island at the time of the accident; 5) the policy in place at the time of the accident was procured while the Plaintiff was living in Rhode Island; and 6) the Plaintiff collected claims and paid premiums for three other accidents in Rhode Island. The Plaintiff argues that Rhode Island law should apply when interpreting the policy under Rhode Island's interest-weighing approach and restates that State Farm has a duty to defend and provide coverage in case number NC 97-0562.
 I Choice of Law
The insurance policy in question does not provide for the choice of law to be applied in the event of any type of dispute. Therefore, the Court must determine which law, in this case either Wisconsin or Rhode Island, should apply. Rhode Island adopted a conflict-of-laws principle in 1968 known as the "interest weighing approach." See Woodward v. Stewart,104 R.I. 290, 243 A.2d 917 (1968). In applying the interest weighing approach, courts consider the following: "(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law." Cribb v. Augustyn, 696 A.2d 285, 288 (R.I. 1997) (citing Woodward and Pardey v. Boulevard Billiard Club,518 A.2d 1349, 1351 (R.I. 1986)). Rhode Island Courts also consider particular factors of each case, as well as factors found in Restatement (Second) Conflict of Laws, § 145(2), which considers "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Cribb at 288.
The facts show that the insurance policy that was in place at the time of the accident was faxed and signed by the Plaintiff in Massachusetts for his automobile that was registered in Rhode Island. According to the Plaintiff's depositions, State Farm was in contact with him prior to the accident on numerous occasions while he lived in Rhode Island and sent checks to him at his Rhode Island residence. The Plaintiff also notes that he obtained the policy that was in place at the time of the accident while he lived in Rhode Island and sent all his checks to the Defendant from his Rhode Island address. The main factors Rhode Island Courts utilize when making choice of law decisions point to the application of Rhode Island law. Not only was Rhode Island the Plaintiff's residence at the time of the accident, but also the relationship between the two parties was centered in Rhode Island. See Cribb at 288. The particular facts of the present case indicate that Rhode Island law should apply when interpreting the Plaintiff's insurance policy with State Farm.
 II The Policy
In Rhode Island, Courts apply the rules for construction of contracts when interpreting an insurance policy. Sjogren v. Metropolitan Property and Cas. Ins. Co., 703 A.2d 608,610 (R.I. 1997). Interpretation of an automobile insurance policy "requires judicial construction of the language of the [insurance policy] as a matter of law." Id. Before a Court departs from the literal language of an insurance policy, there must be a finding that the policy language is ambiguous. Id. (citing Mallane v. Holyoke Mutual Insurance Co. in Salem, 658 A.2d 18 (R.I. 1995)). "In order to make such a determination of ambiguity, [a Court should read] a policy in its entirety, giving words their plain, ordinary, and usual meaning." Id. A Court should not "engage in `mental gymnastics' to read ambiguity into a policy where none is present." Id. "If, however, a policy's terms are ambiguous or capable of more than one reasonable meaning, the policy will be strictly construed in favor of he insured and against the insurer." Id.
In the present case, the State Farm policy provides for coverage when the Plaintiff is driving a car other than his or her own car. Section I — Liability — Coverage A of the policy states: "Coverage for the Use of Other Cars — The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car, or a non-owned car." Neither party argues that the car he was driving at the time of the accident was a newly acquired car or a temporary substitute car. Therefore, the question is whether the car can be considered a non-owned car. The definition of a non-owned car as defined under Amendatory Endorsement 6082F states:
Non-Owned Car — means a car not owned, registered or leased by:
1. you, your spouse;
2. any relative unless at the time of the accident or loss:
a. the car currently is or has within the last 30 days been insured for liability coverage; and
b. the driver is an insured who does not own or lease the car;
3. any other person residing in the same household as you, your spouse, or any relative; or
4. an employer of you, your spouse, or any relative.
The definition of non-owned car specifically states that it is a car that is not owned, registered or leased by any other person residing in the same household as the insured. The question then becomes whether Christine Riebe resided with the Plaintiff at the time of the accident, thereby precluding him from coverage under the terms of his policy. The Rhode Island Supreme Court has stated that the "meaning of the term `residence' or `resident' is a mixed question of law and fact." Aetna Life and Cas. Co. v. Carrera, 577 A.2d 980, 986 (R.I. 1990). "In order to determine if a person is a resident of a particular household, the court must consider whether in the totality of the circumstances that person maintains a physical presence in the household with intent to remain for more than a mere transitory period, or that person has a reasonably recent history of physical presence together with circumstances that manifest an intent to return to the residence within a reasonably foreseeable period." Id.
In the present case, it is undisputed that the Plaintiff and Christine Riebe were living together for a number of years. The Plaintiff himself states in his memorandum that "Riebe was the mother of his children, lived with him for numerous years, and represented to others that she was his wife." The totality of the circumstances clearly indicates that Christine Riebe and the Plaintiff resided together in the same household and intended to remain together for more than a mere transitory period. Therefore, the car the Plaintiff was driving at the time of the accident can not be considered a non-owned car for purposes of coverage under the policy.
Although the Plaintiff contends that he attempted to obtain a policy from State Farm that would cover both him and Christine Riebe, or that State Farm never told him he could not drive Riebe's car, the Plaintiff does not allege that State Farm fraudulently denied coverage or concealed any information in bad faith. The undisputed facts of the case establish that the Plaintiff was driving a car that was not insured under his own policy because the car's undisputed owner, Christine Riebe, was residing with the Plaintiff at the time of the accident. The policy unambiguously states that State Farm will not provide coverage in such a situation.
Therefore, the plaintiff's Motion for Summary judgment on his petition for Declaratory Judgment is denied, and the Defendant's Motion for Summary Judgment is granted. Counsel shall submit the appropriate judgment for entry.