DECISION
The Plaintiff, Jackson National Life Insurance Company (the Plaintiff), filed this bill in interpleader against Co-Defendants James P. Howe (James P.) as Trustee of Adam J. Howe (Adam), and James R. Howe (James R.), so that they could interplead the proceeds of a term life insurance policy previously issued to Theresa A. Howe (the decedent). The action was tried to the Court without a jury. The following represents the Court's findings of fact and conclusions of law. Trial of this matter spanned several days. Jurisdiction is pursuant to Super. R. Civ. P. 22.[1] *Page 2 
 Facts and Travel
On September 8, 1997, Plaintiff issued a term life insurance policy to decedent (the Policy). The Policy had a face amount of $50,000. The decedent named her two children, James P. and Karen L. Howe (now, Karen L. Baldi) (hereinafter Karen), as beneficiaries in equal shares.
The General Provisions section of the Policy set forth the requirements for the changing of a beneficiary. It provided:
 "HOW A BENEFICIARY MAY BE CHANGED While this policy is in force, the Owner may change the beneficiary, unless provided by endorsement, by filing at the Home Office of the Company an acceptable written request. Such change will be subject to any existing assignment of this policy and will take effect only when recorded by the Company at its Home Office. When recorded, the change will take effect on the date the notice was signed. . . ." Policy at 3 (emphasis added).
The Policy does not define an acceptable written request. However, Section 10 of the Life Service Request form, entitled "Signature Requirements" provided in pertinent part: "The Owner's signature is required for all changes on this form . . . It is hereby agreed that the changes requested above shall not become effective unless and until this request is approved by the company at its Home Office." Sometime before November 5, 2002, decedent requested a Life Service Request form for the purpose of changing the beneficiary designation to add her then-husband, James R., to the Policy as a beneficiary.
The decedent signed the form on November 5, 2002. The Life Service Request Form was recorded at Plaintiff's place of business on November 12, 2002. A letter dated the same day was sent to decedent confirming that James R., James P., and Karen, had been recorded as beneficiaries under the Policy in equal one-third shares. *Page 3 
On September 6, 2005, Plaintiff received another Life Service Request Form for the Policy at issue. The unsigned, undated form named James P., Karen, and Adam as equal one-third beneficiaries. The form did not name James R. as a beneficiary.
In a letter dated September 7, 2005, Plaintiff advised decedent that due to the fact that Adam was a minor, she would have to appoint a trustee for him to receive proceeds under the Policy. In another letter dated the same day, Plaintiff acknowledged receipt of the September 6, 2005 Life Service Request Form and notified decedent that James P., Karen, and Adam had been recorded as beneficiaries under the Policy in equal one-third shares.
On October 10, 2005, Plaintiff received a Juvenile Beneficiary Trustee Designation Form in which James P. nominated himself as Trustee for Adam, and which he signed in that Capacity. The Plaintiff acknowledged receipt of this form in a letter dated October 14, 2005. It informed decedent that the form naming James P. as Trustee for Adam would be placed in decedent's file.
On October 27, 2005, Theresa Howe passed away. On November 16, 2005, James P. and Karen each signed, and thereafter submitted, individual Life Insurance Claim Forms seeking their proceeds under the Policy. James P. and Karen each received their one-third share of the Policy's proceeds from Plaintiff.
On December 12, 2005, James R. signed a Life Insurance Claim Form on his own behalf. On the same day, James P. sent a letter top Plaintiff objecting to the disposition of the outstanding one-third share of the proceeds to anyone other than Adam. James P., in his Capacity as Trustee for Adam, also submitted a Life Insurance Claim Form on Adam's behalf. On January 17, 2006, James R. sent a letter to Plaintiff disputing Adam's claim to any proceeds under the Policy and demanding payment of same. *Page 4 
On March 22, 2006, Plaintiff filed the instant interpleader action by depositing one-third of the Policy's proceeds into the Registry of the Court. On April 4, 2006, James R. Howe filed a counterclaim against Plaintiff alleging breach of contract and bad faith. On February 2, 2007, the counterclaim was severed from the instant action and is not presently before the Court. Meanwhile, James R. received full payment under the Policy and makes no claim against the funds currently in the Registry of the Court. Instead, he asserts that the funds should be returned to Plaintiff.
 Analysis
Co-defendant James P., as Trustee, maintains that by bringing this interpleader action, Plaintiff insurance company has waived any objection that it may have had to decedent's failure to sign the change of beneficiary form. He further maintains that decedent substantially complied with the terms of the Policy when she submitted the change of beneficiary form. Finally, James P., as Trustee, asserts that the doctrine of promissory estoppel mandates recovery because, he maintains, decedent relied upon Plaintiff's September 7, 2005 letter stating that the requested beneficiary change had been recorded and placed on file at Plaintiff's place of business.
It is well established that "when interpreting the contested terms of [an] insurance policy, [the Court is] bound by the rules established for the construction of contracts generally."National Refrigeration, Inc. v. Travelers Indem. Co. ofAmerica, 947 A.2d 906, 909 (R.I. 2008) (quoting MetroProperties, Inc. v. National Union Fire Insurance Co.,934 A.2d 204, 208 (R.I. 2007)) (internal quotations omitted). Accordingly, when applying these rules to an insurance policy, the Court "shall not depart from the literal language of the policy absent a finding that the policy is ambiguous." Lynch v. SpiritRent-A Car, Inc., 965 A.2d 417, 425 (R.I. 2009) (quoting *Page 5 Mallane v. Holyoke Mutual Insurance Co. in Salem,658 A.2d 18, 20 (R.I. 1995)). In determining whether there exists an ambiguity, the Court "reads the policy in its entirety, giving words their plain, ordinary, and usual meaning[,] [and] refrain[s] from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a policy where none is present." Id.
(internal citation and quotations omitted).
Thus, it is axiomatic that, "[t]he rights and liabilities of the parties to an insurance contract are to be ascertained in accordance with the terms as set forth therein." National Refrigeration,Inc, 947 A.2d at 909 (quoting DiIorio v. Abington Mutual FireInsurance Co., 121 R.I. 689, 694, 402 A.2d 745, 747 (1979)). In addition, "[w]hen affording the terms of the policy their plain and ordinary meaning, this Court looks not to what the insurer subjectively intended, but rather [to] what the ordinary reader and purchaser would understand [the terms] to mean."Id. at 910 (internal quotations omitted). "Whether an ambiguity exists in an insurance policy is a question of law that is determined by examining the policy in its entirety." MerrimackMut. Fire Ins. Co. v. Dufault, 958 A.2d 620, 625 (R.I. 2008). However, "[i]f the policy is clear and unambiguous on its face, judicial construction is at an end and the terms of the contract must be applied as written." Id.
In the instant matter, it is undisputed that decedent was the owner of the Policy. See Policy at 4 (Ownership Section) ("Unless it is otherwise provided in the application or in an endorsement to this policy, the Insured will be the Owner.") The Policy states that "While the Insured is living, all rights of this policy belong to the Owner." Id. One of those rights was the right to change the beneficiary designation. See
Policy at 3 (General Provisions); see also Krajewski v.Prudential Ins. Co. of America,54 R.I. 267, 172 A. 396, 397 (1934) (recognizing *Page 6 
that "an insured may change a beneficiary named in an insurance policy by doing all that is required of him to effect thechange . . .") (emphasis added).
The General Provisions Section of the Policy governing beneficiary changes provides in pertinent part:
 "While this policy is in force, the Owner may change the beneficiary, unless otherwise provided by endorsement, by a filing at the Home Office of the Company an acceptable written request. Such change . . . will take effect only when recorded by the Company at its Home Office. When recorded, the change will take effect on the date the notice was signed." Id. (emphases added).
Accordingly, the clear and unambiguous terms of the Policy require an acceptable written request signed by the Owner in order to effectuate a change in beneficiary. Thus, according to the clear and unambiguous terms of the Policy, a written request effectuating a change in beneficiary must contain the signature of the policy owner in order to be acceptable. Section 10 of the Life Service Request Form also specifically states that "[t]he Owner's signature is required for all changes on this form. . . ." Thus, Section 10 of Life Service Request Form also mandates that the policy owner sign any requests for a change in beneficiary.
In the instant matter, decedent added James R. as a one-third beneficiary under her Policy by signing a Life Service Request form on November 5, 2002. The change became effective when Plaintiff recorded the signed the form at its place of business. It is undisputed, however, that decedent did not sign the September 6, 2005 Life Service Request Form purporting to add Adam as a one-third beneficiary under the Policy. Thus, decedent did not follow the clear and unambiguous terms of the Policy requiring an acceptable written request to be signed in order to effectuate a change in beneficiary. As a result, Adam never became a beneficiary under the Policy and, according to its clear and unambiguous terms, James P., Karen, and James R., remained as the Policy's named beneficiaries at the time of decedent's death. *Page 7 
James P., as Trustee, also asserts that even if the November 5, 2002 Life Service Request form was defective for lack of a signature, the doctrine of promissory estoppel mandates recovery because decedent relied upon Plaintiff's assurance that the requested beneficiary change was recorded and placed on file at Plaintiff's place of business. However, his reliance on this theory is misplaced.
Our Supreme Court has held that "under a policy wherein the right to change the beneficiary is expressly reserved to the insured, as here, a beneficiary for the time being acquires no vested interest therein which would deprive the insured of the right to change the beneficiary in accordance with the terms of the policy."Metropolitan Life Ins. Co. v. Sandstrand,78 R.I. 457, 462, 82 A.2d 863, 865 (1951). Considering that an actual beneficiary does not have vested interest in a policy until the death of the insured, it follows that Adam, whose interest in decedent's Policy never was effectuated in accordance with the Policy terms, did not, and cannot, have a vested interest in the Policy; consequently, Adam is not entitled to equitable relief under a theory of promissory estoppel.[2]
 Conclusion
While it may appear from the evidence that the decedent probably intended to add Adam as a beneficiary in place of her husband, such intent only could have been effectuated by decedent's compliance with the change of beneficiary procedures agreed to in the Policy contract. Consequently, and in light of the foregoing, the Court decrees that James R. Howe was entitled to receive, and did receive, a one-third share of the Policy's proceeds. Consequently, the *Page 8 
Court orders the escrow funds deposited by Plaintiff in the Registry of the Court to be returned to Plaintiff. Counsel shall submit an appropriate judgment consistent with this Decision.
[1] Rule 22 of the Superior Court Rule of Civil Procedure provides in pertinent part:
 "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants."
[2] Although James P. alleges that decedent relied upon Plaintiff's assurance that the requested change in beneficiary had been recorded and placed on file at Plaintiff's place of business, there is no evidence in the record of any such reliance. Furthermore, decedent's estate is not a party to this action such that it conceivably might be entitled to equitable relief.