**Amanda Rodrigues FERREIRA**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

**No. 2010–158–APPEAL.**

Supreme Court of Rhode Island.

Nov. 15, 2011.

Robert A. D'Amico.

Stephen M. Prignano.

ORDER

This case came before the Supreme Court on November 2, 2011, pursuant to an order directing the parties to appear

and show cause why the issues raised in this appeal should not summarily be decided. This matter arose in the Superior Court when the plaintiff, Amanda Rodrigues Ferreira (plaintiff or Rodrigues),[1] sought a declaration that the defendant, Liberty Mutual Insurance Company (defendant or Liberty Mutual), was contractually obliged to provide her with uninsured/underinsured motorist coverage on the basis that she was a "family member" of the policyholder, her fiance, Jason Ferreira (Ferreira), with whom she was living at the time of the automobile collision in this case. The plaintiff appeals from a Superior Court justice's entry of summary judgment in favor of the defendant on its counterclaim for declaratory relief.

Before this Court, plaintiff contends that the insurance policy is ambiguous because the language defining an "insured" was amended to include a "partner in a civil union, registered domestic partnership or other similar union or partnership * * *." According to plaintiff, the policy does not define those relationships and is therefore ambiguous and must accordingly be construed to provide coverage. The plaintiff also asserts that she should be afforded coverage under the definition of a "family member" because society's recognition of what constitutes a family has evolved to embrace less traditional family units.

Having thoroughly reviewed the memoranda submitted by the parties and considered the arguments of counsel, we are satisfied that cause has not been shown;

thus, the appeal may be decided at this time. We affirm the judgment of the Superior Court.

According to her amended complaint, plaintiff sustained serious bodily injuries as a result of an automobile accident.[2] At the time of the accident, she was engaged to Ferreira, the policyholder. The two lived together in Riverside, Rhode Island, where they shared household expenses and responsibilities. They subsequently have married.

The plaintiff sought coverage under the uninsured/underinsured provision of Ferreira's policy with Liberty Mutual for the bodily injuries she sustained as a result of the motor vehicle accident. Liberty Mutual denied plaintiff's claim on the basis that plaintiff was not a "family member" of the insured at the time of the accident.[3] The plaintiff commenced this action in Superior Court on August 25, 2009, claiming uninsured/underinsured motorist benefits from Liberty Mutual. The plaintiff filed an amended complaint for declaratory relief on September 8, 2009, alleging that under the policy's language she was a family member, and therefore an insured. The defendant filed a counterclaim on October 6, 2009, seeking a declaration that plaintiff was not a "family member" of the policy owner and, therefore, was not entitled to the uninsured motorist benefits of the policy.

The parties subsequently filed cross-motions for summary judgment. In her motion, plaintiff argued that she satisfied the

---

1. We shall refer to Amanda Rodrigues Ferreira as plaintiff or Rodrigues because she and her now husband were engaged at the time she sought coverage under his insurance policy.

2. The record is unclear about the details of the. motor vehicle accident, save for the fact that plaintiff alleged that a collision occurred when another driver, without notice or warn-

ing, made a left-hand turn into plaintiff's lane of travel, resulting in a significant impact between the vehicles.

3. The policy issued to Ferreira by defendant defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

definition of "insured" because the policy's latest iteration of "you" or "your" expanded the definition of "family member" to include a "partner in a civil union, registered domestic partnership or other similar union or partnership * * *." [4] Liberty Mutual contended that the policy language was clear and unambiguous and that plaintiff was not Ferreira's family member, nor a partner in a civil union or domestic partnership.

The trial justice granted Liberty Mutual's motion for summary judgment, concluding that the policy was clear and unambiguous and that it "clearly and explicitly restricts civil unions, domestic partnerships, and other similar unions and partnerships to those validly recognized and entered into under the law of a state." The trial justice noted that, although at the time of the collision plaintiff and Ferreira were living together and sharing household responsibilities, they were not in a domestic partnership or civil union.

The trial justice also rejected plaintiff's alternative argument that the policy's amended language gave rise to an ambiguity with respect to the term "family member." The amendment, the trial justice found, pertained to the definitions of "you" and "your" and "effectively expands the definition beyond merely a spouse to include a legally recognized civil union and domestic partnership." Because the amendment to the policy had no effect on the definition of "family member," the trial justice concluded that he could not find an ambiguity where none existed.

"It is well established that this Court reviews a grant of summary judgment *de novo*." *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I.2011) (citing *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I.2009)). "We view the evidence in the light most favorable to the nonmoving party, and 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." Id. at 544 (quoting *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I.2010)). Additionally, when interpreting an insurance policy, this Court applies the rules for construction of contract and will "not depart from the literal language of the policy absent a finding that the policy is ambiguous." *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 425 (R.I.2009) (quoting *Mallane v. Holyoke Mutual Insurance Co. in Salem*, 658 A.2d 18, 20 (R.I.1995)).

The issue in this case is whether plaintiff was an "insured" under the policy issued by defendant to Ferreira, such that defendant was obligated to extend uninsured/underinsured motorist coverage to plaintiff. After our careful review of the record and the oral arguments of counsel, we are sat-

---

**4.** The amendment to the policy included the following language:

"It is agreed that item A. under the DEFINITIONS provisions of the contract is deleted and replaced with the following:

"A. Throughout this policy, 'you' and 'your' refer to the 'named insured' shown in the Declarations and:

"1. the spouse of the 'named insured' shown in the Declarations, if a resident of the same household; or

"2. the partner in a civil union, registered domestic partnership or other similar union or partnership, with the 'named insured' shown on the Declarations, if a resident of the same household.

"Section 2. above, only applies if the civil union, registered domestic partnership or other similar union or partnership is validly entered into under the law of any state, territory or possession of the United States of America, any territory or province of Canada, or the equivalent of a state or province of any other country."

isfied that Rodrigues was not an "insured" under Ferreira's policy and was not entitled to uninsured/underinsured motorist coverage.

Examining the language of the policy in its entirety, and according the plain and ordinary meaning to the words therein, we conclude that the language in the policy is unambiguous. *See Sjogren v. Metropolitan Property and Casualty Insurance Co.,* 703 A.2d 608, 610 (R.I.1997) (citing *Mallane,* 658 A.2d at 20). Liberty Mutual's amendment to the policy expands the term "you" and "your" to include, within the purview of spouses, "civil unions" and "domestic partnerships." The amendment explicitly limits civil unions and domestic partnerships to those relationships validly entered into under the laws of a state; such relationships generally are creatures of statute. In no way can this amendment be read to extend coverage to people who are engaged to be married or simply living together.

Based on our de *novo* review of the record, we do not discern any ambiguity in the policy, and we decline to "stretch[ ] the imagination to read ambiguity into [the] policy where none is present." *Bliss Mine Road Condominium Association v. Nationwide Property and Casualty Insurance Co.,* 11 A.3d 1078, 1083 (R.I.2010) (quoting *Mallane,* 658 A.2d at 20). In the absence of ambiguity, the literal language of the policy controls. *Lynch,* 965 A.2d at 425. We decline to embrace the notion that when parties agree to marry or begin living together, they become family members under the policy. Such a result would allow for an unwarranted expansion of coverage under the policy.

Accordingly, we conclude that there is no genuine issue of fact, and Rodrigues may not claim uninsured/underinsured motorist coverage under the insurance policy issued by the defendant to Ferreira. We affirm the judgment of the Superior Court. The papers may be returned to the Superior Court.